**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re<br><br>Siobhan Reaves,<br><br>Debtor. | Case No. 21-02758-DD<br><br>Chapter 13<br><br>**ORDER** |

      Debtor filed a voluntary petition under chapter 13 of the bankruptcy code on October 22, 2021. Debtor failed to timely file a certificate of credit counseling and most of the required schedules. Extensions were granted on November 9, 2021 for Debtor to complete the necessary actions. On November 8, 2021, Debtor submitted a document that purports to amend the petition (dkt. no. 22), by adding Kathy Reaves as a joint debtor.

      Kathy Reaves previously filed an incomplete petition with this Court on November 1, 2021. Due to the deficiencies, Kathy Reaves's filing was treated as a miscellaneous proceeding (21-90008) and assigned to Judge Waites. On November 2, 2021, a Deficiency Notice was issued to Kathy Reaves informing her of the need for a handwritten signature. A telephonic status conference was held on November 9, 2021. However, she failed to attend, and the miscellaneous proceeding was closed on November 10, 2021, without an order for relief.

      After receipt of Debtor's amended petition, the Court issued a Rule to Show Cause on November 10, 2021, which required both Debtor and Kathy Reaves to appear on November 18, 2021, to show cause as to why the amended petition should not be stricken or other action taken. The Rule to Show Cause was served by first-class mail on both Debtor and Kathy Reaves. Additionally, on November 12, 2021, my Chambers emailed a copy of the Rule to Show Cause with information on the hearing to both Debtor and Kathy Reaves at e-mail addresses they had

provided to the Court. The hearing on the Rule to Show Cause was held, but neither Debtor nor Kathy Reaves appeared[1].

The issue before the Court is whether Debtor is permitted add a joint debtor to the case by filing an amended petition. Under 11 U.S.C. § 302(a), a joint case is commenced by filing a single petition by an individual debtor and such individual's spouse. Federal Rule of Bankruptcy Procedure 1009(a) allows a debtor to amend a voluntary petition as a matter of course at any time before the case is closed. The Court is tasked with harmonizing the statute and rule in determining whether or not a petition may be amended to add a joint debtor.

There is no case law from the District of South Carolina or the Fourth Circuit Court of Appeals on this issue. In general, courts have not permitted the filing of a petition and the subsequent amendment of that petition to add a debtor. 2 Collier on Bankruptcy ¶ 302.02[3] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2017). The Bankruptcy Court of the Northern District of Georgia held that a debtor was not entitled to amend his petition to add his spouse as a joint debtor three years after the petition date. *In re Kirkus*, 97 B.R. 675, 675 (Bankr. N.D.Ga. 1987). Instead, the spouse was required to file a separate petition, after which time the court had the discretion to authorize joint administration of the cases upon request. *Id*. at 675-76.

The *Kirkus* decision has been relied on and followed in other districts since. The Bankruptcy Appellate Panel of the Ninth Circuit held that a "Rule 1009(a) amendment cannot be used to commence a joint case under § 302(a)." *In re Olson*, 253 B.R. 73, 75 (B.A.P. 9th Cir. 2000). This determination is consistent with a large body of decisions across the county. See *In re Walker*, 169 B.R. 391, 392 (Bankr. W.D. Tenn. 1994) ("the addition of a codebtor by

---

[1] On November 19, 2021, Debtor filed a Motion for Extension of Time to Answer Rule to Show Cause (dkt. no. 29). This Motion was late, but the Court considered the matters stated, and the extension requested is denied.

amendment of an original petition is not appropriate"); *In re Clinton*, 166 B.R. 195, 196 (Bankr. N.D. Ga. 1994) ("[n]othing in section 302 suggests that a debtor may amend a petition to add a spouse as a debtor and thereby retroactively commence a case for that spouse"); *In re Woodell*, 96 B.R. 614, 615 (Bankr. E.D.Va. 1988) (requiring a spouse to file a separate petition); *In re Walker*, 169 B.R. 391, 393-94 (Bankr. W.D.Tenn. 1994) (denying debtor's motion to amend his petition to add spouse as co-debtor without prejudice to spouse filing her own case); *In re Sobin*, 99 B.R. 483, 483 (Bankr. M.D. Fla. 1989) (stating that section 302(a) "does not allow for conversion to a joint case simply by amendment to the petition"); *In re Austin*, 46 B.R. 358, 360 (Bankr. E.D.Wis. 1985) (denying motion to amend petition to add joint petitioner based on the critical import of the filing of the initial petition); *In re Jones*, 2019 WL 7342455 at *2 (Bankr. E.D.Wis. Dec. 30, 2019) (striking the amended petition that attempted to add a joint debtor); *In re Chilson*, 525 B.R. 130, 133 (Bankr. D.N.M. 2015) ("to the extent Rule 1009(a) could be interpreted to allow Debtor to add [joint debtor] to this case, such an interpretation is impermissible if it conflicts with § 302(a)"); *In re Daly*, 2008 WL 276538 at *3 (Bankr. D. Kan. Jan. 30, 2008) (declaring an amended petition void when it attempted to add a joint debtor spouse); *In re Buerman*, 295 B.R. 876, 877 (Bankr. W.D. Ark. 2003) (denying amendment to add spouse due to "(1) the prejudice to creditors, and (2) the absence of any clear authority to permit such an amendment" and the questions it would raise about the appropriate filing date).

This Court finds these decisions and the policy behind the holdings persuasive. The filing of a voluntary bankruptcy petition commences a case and is an order for relief. Permitting an amendment to add a joint debtor would cause confusion. Further, section 302(a) plainly requires a single petition to commence a joint case. Rule 1009(a) cannot supersede the code's requirement of a single petition.

Therefore, the amended petition is of no effect and affords Kathy Reaves no relief.

**IT IS SO ORDERED.**

**FILED BY THE COURT**
**11/19/2021**



Entered: 11/19/2021

David R. Duncan
US Bankruptcy Judge
District of South Carolina